IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**FREDDY[1] MONTAÑO**,

    Plaintiff,

v.                                              **No. 11cv706 RB/KBM**

**WAGNER EQUIPMENT CORP.;**
**STATE OF NEW MEXICO**,

    Defendants.

**MEMORANDUM OPINION AND ORDER**
**DISMISSING COMPLAINT**

**THIS MATTER** comes before the Court on Plaintiff Freddy Montaño's application to proceed *in forma pauperis* ("IFP"), filed August 11, 2011, *see* Doc. 3; and on the Court's concomitant obligation "to review the affidavit and screen [his] case under 28 U.S.C. §§ 1915(a) and (e)." *Lister v. Dep't Of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005). The Court must dismiss the action "at any time if the court determines that" the plaintiff is, in fact, able to pay the filing fees and his "allegation of poverty is untrue," § 1915(e)(2)(A), or if the complaint "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B)(ii) (iii). *See Trujillo v. Williams*, 465 F.3d 1210, 1217 n.5 (10th Cir. 2006) (noting that dismissals under § 1915(e)(2)(A) & (B) are mandatory).

Plaintiff apparently brings this Complaint for personal injury under the diversity statute. *See* Doc. 1 at 1 and Att. 1 (Civil cover sheet).

---

[1] Although Mr. Montaño's counsel, Amavalise Jaramillo, spells Mr. Montaño's first name as "Freddie" in the style of the Complaint, *see* Doc. 1 at 1, Mr. Montaño has signed his name as "Freddy" in his motion to proceed IFP. *See* Doc. 3 at 1. The Court, therefore, has used the spelling that Mr. Montaño uses.

### A.  Mr. Montaño has failed to demonstrate his indigency.[2]

Regarding the ability-to-pay prong of the IFP analysis, IFP status should be granted only if a plaintiff demonstrates that he "cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). The Court first notes that Mr. Montaño has failed to fully fill out the application. For example, he has left it undated; has put "0" in every space requiring a number showing income and expenses except for one, and did not respond to the questions on page 5 of the application. *See* Doc. 3 at 1-5. Failure to "fill out the proper forms or to otherwise provide the district court with the requisite information" in a sworn affidavit is grounds to deny a motion to proceed IFP because the Court is not required to rely on a plaintiff's "bald assertions" that he is unable to pay fees. *Lister*, 408 F.3d at 1313; *see also Raynor v. Wentz*, No. 09-7079, 357 Fed. App'x 968, 969, 2009 WL 4928368, *1 (10th Cir. Dec. 22, 2009) (affirming denial of IFP and dismissal of complaint where the district court "noted that the IFP motion contained almost no information that would allow it to properly review Plaintiff's expenses and income; the court then ordered Plaintiff to submit several types of financial documents to supplement her motion by March 4, 2009."). The affidavit requirement also serves as a deterrent function because "[o]ne who makes this affidavit exposes himself to the pains of perjury in a case of bad faith. . . . This constitutes a sanction important in protection of the public against a false or fraudulent invocation of the statute's benefits." *Adkins*, 335 U.S. at 338 (internal quotation marks

---

[2] This is not the first time that Mr. Jaramillo has filed a deficient IFP application on behalf of his clients, *see Baros v. Gila River Health Care Corp.*, No. 11cv229 MV/RHS Doc. 5 at 2 (D.N.M. March 31, 2011) (dismissing case under 1915(e)(2)(A) because of inadequate application to proceed IFP), and the Court expects that he will comply with the statutory requirements in the future. Further, Mr. Jaramillo improperly indicated that filing fees had already been waived when he electronically filed the Complaint, causing it to be improperly assigned to both a presiding and a magistrate judge, instead of being initially assigned for IFP screening.

omitted).

If Mr. Montaño currently is an inmate, he must fill out the appropriate inmate applications and forms from the facility where he is incarcerated.

### B. The Court does not have subject-matter jurisdiction over this suit.

"The party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts essential to show jurisdiction." *Penteco Corp. v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991) (internal quotation marks omitted). "When a plaintiff sues more than one defendant in a diversity action, the plaintiff must meet the requirements of the diversity statute for *each* defendant or face dismissal." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989) (italics in original). Here, Mr. Montaño seeks to sue both a corporate citizen of Colorado and the State of New Mexico, where Mr. Montaño resides. The State of New Mexico and Mr. Montaño are not diverse.[3] Because "the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action", *Exxon Mobil Corp. v. Allapattah Serv., Inc.*, 545 U.S. 546, 553 (2005), the Court must dismiss this case for lack of subject-matter jurisdiction.

**NOW, THEREFORE, IT IS ORDERED** that the Plaintiff's application to proceed IFP (Doc. 3) is DENIED, and that his Complaint is dismissed without prejudice for lack of subject-matter jurisdiction.

                                                          */s/ Robert Brack*
                                                          **ROBERT C. BRACK**
                                                          UNITED STATES DISTRICT JUDGE

---

[3] Counsel for Mr. Montaño should be well aware that he has improperly named the State of New Mexico as a Defendant in this federal suit. "With certain limited exceptions, the Eleventh Amendment prohibits a citizen from filing suit against a state in federal court." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002).